IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DONAHUE LAND, LLC, *and* <br> LAKE MARTIN, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF AUBURN, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )     CASE NO. 3:19-cv-00820-ECM <br> )                 (WO) <br> ) <br> ) <br> ) |

**<u>MEMORANDUM OPINION and ORDER</u>**

**I.       INTRODUCTION**

On January 4, 2019, Donahue Land, LLC and Lake Martin, Inc. (collectively "Plaintiffs") filed a Petition for Writ of Mandamus in the Circuit Court of Lee County, Alabama. The Plaintiffs sought to compel the City Council to vote on their petition to de-annex thirteen acres of land from the municipal limits of the City of Auburn (the "City"). The Plaintiffs subsequently amended their complaint to bring an equal protection claim against the City. (Doc. 1-10). The City in turn removed the case to this Court under 28 U.S.C. § 1331 federal question jurisdiction on October 23, 2019. Thereafter, the Plaintiffs filed a Second Amended Complaint (doc. 13), which is the operative complaint.

The matter now before the Court is the City's Motion to Dismiss the Plaintiffs' Second Amended Complaint and Verified Petition for Writ of Mandamus. (Doc. 20). The Plaintiffs argue that the City violated their legal right to have their petition for de-

annexation heard and voted on by the City Council, and, in doing so, the City further violated their rights to equal protection and due process under the Fourteenth Amendment. The Plaintiffs bring a petition for writ of mandamus, two counts of violations of the Equal Protection Clause, and one count of a procedural due process violation. They request that the Court issue a writ of mandamus and enter an injunction requiring the City to cease violations of the Equal Protection Clause by creating a clearly articulable standard for considering de-annexation petitions and by voting on the Plaintiffs' petition.

For the following reasons, the City's Motion to Dismiss is due to be GRANTED.

## II. BACKGROUND

The Plaintiffs are two entities who collectively own thirteen acres of land within the City limits, Parcels A-1-B and A-1-A of the Donahue Ridge Subdivision of Parcel A. On June 8, 2018, the Plaintiffs petitioned the City Council of Auburn to allow the de-annexation of the two Parcels from the municipal limits. In Auburn, individual owners submit their petitions for annexation or de-annexation to the City Council, which must formally vote to approve a petition. When the City Council did not take up the Plaintiffs' petition for a vote, the Plaintiffs sent separate emails about the petition to the City Manager's office on June 14, 2018; July 2, 2018; and August 2, 2018. On October 19, 2018, the Plaintiffs renewed their request to be placed on a meeting agenda.

Despite these requests, the City Council did not bring the petition up for a vote. The City follows a policy set in 2010 for de-annexation petitions. According to the policy, "the City Council is generally not interested in reducing the corporate limits of the City." (Doc. 13-3 at 38). The policy provides that when a citizen of the City submits a petition for de-

annexation to the City Council, they first contact the City's Planning Director. *Id.* at 2. Upon review by the Director for appropriateness, the petition is forwarded to the City Manager. The City Manager then sends a memorandum regarding the request to the City Council members to determine whether any members wish to discuss or "sponsor" the petition. If at least one Council member chooses to sponsor the petition, it will be placed on a City Council meeting agenda. Finally, once the Council publicly hears the petition, it will then vote on the petition. Because no City Council members chose to sponsor the Plaintiffs' petition, the petition was never brought to a vote.

### III.   JURISDICTION

The Court maintains jurisdiction over the claims in this case pursuant to 28 U.S.C. §§ 1331, 1441(a), 1441(c)(1)(A), 1441(c)(1)(B), and 1446.

Venue and personal jurisdiction are uncontested.

### IV.   LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). The plausibility

standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U. S. at 555, 570. This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

## V. DISCUSSION

### A. Count One: Writ of Mandamus

The Plaintiffs seek a writ of mandamus "commanding and directing the City to de-annex the Plaintiffs' property from within the City's boundaries, or alternatively, to at least take such action as necessary to vote upon an ordinance that would de-annex the Property from within the city boundaries." (Doc. 13 at 11–12, para. A). Addressing the Plaintiffs' cause of action for mandamus relief, the parties assert that this is a state law cause of action and cite to Alabama law. However, writs of mandamus were abolished by Rule 81 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 81(b)–(c) (providing that writs of "mandamus are abolished" and noting that this rule applies "to a civil action after it is removed from a state court"). Although pursuant to 28 U.S.C. § 1651 federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," the parties do not address the Court's power to issue writs pursuant to this statutory authority, and the Court declines to independently undertake such analysis. To the extent Plaintiffs' petition for writ of mandamus could be construed

as a request for injunctive relief, an injunction is an equitable remedy, not an independent cause of action. In any event, the Plaintiffs seek injunctive relief for their claims brought pursuant to the Equal Protection Clause of the Fourteenth Amendment. Because the Plaintiffs cannot maintain their independent cause of action for a writ of mandamus, that claim is due to be dismissed.

Even if the Plaintiffs could assert a viable cause of action for a writ of mandamus, they would not be entitled to the relief sought. Despite the Plaintiffs' claim that they have a right to a hearing and a vote on their petition, the Alabama Supreme Court foreclosed such argument when it held that individuals do not have a right to have their petitions for de-annexation heard under Alabama law. *Courtyard Manor Homeowner's Ass'n v. City of Pelham*, 2019 WL 5288011, at *3 (Ala. 2019). In that case, Courtyard Manor filed a suit against the City of Pelham when the City Council failed to conduct a hearing or respond to the plaintiff's petition for de-annexation. *Id.* at *1. After a year of waiting for the City Council to hear their petition, the plaintiff requested that the state court require the Pelham City Council to hold a hearing on the petition. *Id.* The circuit court granted the defendant's motion to dismiss, and the Alabama Supreme Court affirmed. *Id.* at *4. The court explained:

> [t]he right to petition or complain about governmental action or inaction is clearly within the Alabama Constitution; nothing can prevent citizens from asking their government to consider a request. But, requiring a response, or in this case mandating that a city hold a hearing, imposes a duty that does not exist under our law. We must respect the legislative function of governments and not intrude on their separate, but coequal, power to decide when, where, and whether to conduct hearings or respond to petitions. Legislative inaction in this case is cured not by court intervention, but at the ballot box.

*Id.* at *3.  Thus, the Alabama Supreme Court found that citizens do not have a right to have their petitions for de-annexation voted on, "[a]bsent any abuse of discretion by the governing body." *Id.*

The Plaintiffs seek to invoke the exception carved out by the Alabama Supreme Court, alleging that the City abused its discretion when it "behaved arbitrary and capriciously in sponsoring certain de-annexation petitions and not sponsoring the Plaintiffs' de-annexation petition, even though the petitioners were in like circumstances."[1] (Doc. 13 at 6).  However, the Plaintiffs fail to allege facts which could establish an abuse of discretion by the City that would warrant the Court granting their petition.  In an interrogatory attached as an exhibit to the operative complaint, the City Council supplies, "[t]he only de-annexation request considered by the current City Council was January 22, 2019." (Doc. 13-3 at 1).  The exhibit reveals that the City Council had on its January 22, 2019 meeting agenda a resolution on "[r]eduction of corporate limits" for Richard Franey and Clay Carson to remove 0.177 acres. (*Id.* at 36).  In agreeing to de-annex those acres, the City would simultaneously annex the same amount of land from Farmville Tracts, LLC, preventing any reduction of the City's boundaries. (*Id.* at 24).  By comparison, the Plaintiffs seek to have thirteen acres removed from the City boundaries, inconsistent with the policy set out by the City Council in 2010 to avoid reducing the City limits.

It can hardly be called an abuse of discretion for the City Council to treat dissimilar petitions in different ways.  In the absence of evidence to support a finding of abuse of

---

[1] The Plaintiffs do not cite to any authority for the proposition that the standard for arbitrary and capricious is interchangeable with the standard for abuse of discretion.

discretion under Alabama law—"not merely an error of judgment, but perversity of will, passion, or moral delinquency," *Pilcher v. City of Dothan*, 93 So. 16, 18–19 (Ala. 1922)—the Plaintiffs' petition must be dismissed.  The Plaintiffs do not present a plausible cause of action for their petition for a writ of mandamus. *Ashcroft*, 556 U.S. at 678.

### B.  Counts Two, Three, and Four: Fourteenth Amendment

The Plaintiffs assert violations of their equal protection and procedural due process rights under the Fourteenth Amendment.  Although the Plaintiffs did not allege that their Fourteenth Amendment claims are brought pursuant to 42 U.S.C. § 1983, the Court presumes that they are. *See Lyles v. Hale County Comm'n*, 2005 WL 8158888, *3 (S.D. Ala. 2005) (noting that § 1983 "serves as the basic vehicle for federal court review of alleged state and local violations of federal law"); *see also Henderson v. Corrs. Corp.*, 918 F. Supp. 204, 208–9 (E.D. Tenn. 1996) ("A plaintiff must allege a cause of action under 42 U.S.C. § 1983 in order to bring a claim of a constitutional violation of the . . . Fourteenth Amendment[].") (citing *Azul-Pacifico, Inc. v. City of L.A.*, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution. We have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983.")).

### 1.  Equal Protection

Even if the Court could force the City Council to put the Plaintiffs' petition to a vote, the Plaintiffs' claims still would fail.  The Plaintiffs allege two counts of equal protection violations in their Second Amended Complaint. (Doc. 13 at 7–9).  However, because the same behavior serves as the basis for both claims—that the City treated

similarly situated individuals dissimilarly—the Court will address the counts together as a single "class of one" equal protection claim. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1199 (11th Cir. 2007) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564–65 (2000)). A class of one analysis begins when plaintiffs "[allege] that [they have] been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Olech*, 528 U.S. at 564. Thus, the Plaintiffs must demonstrate (1) intentional treatment different from the treatment of similarly situated comparators, and (2) that there was no rational basis for the disparate treatment. *Griffin Indus., Inc.*, 496 F.3d at 1202.

While the Plaintiffs do allege that some petitioners did have their de-annexation petitions granted, the Plaintiffs fail to establish that those petitioners were similarly situated comparators. The Eleventh Circuit counsels that, in establishing a comparator, the comparator must be "similarly situated in all material respects." *Lewis v. City of Union City*, 918 F.2d 1213, 1218 (11th Cir. 2019). However, "[a] 'class of one' plaintiff might fail to state a claim by omitting key factual details in alleging that it is 'similarly situated' to another," or, in the alternative, a plaintiff might provide too much information that shows how differently they are situated from their comparators. *Griffin Indus., Inc.*, 496 F.3d at 1205. Both deficiencies exist here. The Plaintiffs do not just omit key factual details; they fail to allege any factual similarity between themselves and their comparators. Meanwhile, in stating that other petitioners have had their de-annexation petitions granted, the Plaintiffs attach evidence that points out how very differently situated those alleged comparators really were. When they petitioned to have their land de-annexed, the purported

comparators here specifically avoided reducing the boundaries of the City. In contrast, the Plaintiffs would reduce the City boundaries by thirteen acres. Accepted as true, these facts do not establish comparators similarly situated in all material respects. *See Lewis*, 918 F.3d at 1218.

Moreover, when a government uses its discretion in a multi-dimensional decision-making process, the challenged behavior "must be evaluated in light of the full variety of factors that an objectively reasonable governmental decisionmaker would have found relevant in making the challenged decision." *Griffin Indus., Inc.*, 496 F.3d at 1203. The Plaintiffs make the argument that because the City does not provide specific criteria for de-annexation, they cannot know what characteristics they have in common with their alleged comparators. (Doc. 25 at 6–7 ("To know further what factors and criteria are relevant in this instance is impossible, as none have been articulated by the City.")). But the Plaintiffs miss the point: they still need to allege facts that demonstrate their comparators are similarly situated in all material respects to *them*, not just that they faced similar criteria when petitioning the City Council. The burden is on the Plaintiffs, not the City, to make a sufficient pleading, including facts the Court accepts as true. Without facts alleged which point to valid comparators, the Plaintiffs do not establish a plausible claim for unequal treatment.

   2. *Procedural Due Process*

The Plaintiffs claim their due process rights were violated when the City Council failed to place their de-annexation petition on the meeting agenda, discuss the petition, and bring the petition to a vote. In the Eleventh Circuit, "a § 1983 claim alleging a denial of

procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). If it determines that state actions deprived the Plaintiffs of a constitutionally-protected interest, the Court applies the balancing test from *Matthews v. Eldridge* to determine what process was due. 424 U.S. 319, 335 (1976); *see also Grayden*, 345 F.3d at 1232–33.

In this case, the Plaintiffs cannot show that they were deprived of a constitutionally-protected interest. First, in bringing their complaint, the Plaintiffs demonstrate that a deprivation never occurred because there is in fact a process in place: the City Council members reviewed their petition for de-annexation when it was submitted, and none chose to sponsor it. Accordingly, under the facts presented by the Plaintiffs, they received process.

And even if the claim were not due to be dismissed on those grounds, the Plaintiffs fail to sufficiently allege that a constitutionally-protected interest is at stake. They argue that the private interest at stake is their right to "the equal protection of the law." (Doc. 13 at 10). They explain, "[t]he private interest affected is whether the Plaintiffs have been afforded equal protection by being treated similarly to those in like circumstances." (*Id.* at 10–11). However, as the Court outlined above, the Plaintiffs have failed to allege a violation of their rights to equal protection, nor is the Due Process Clause the appropriate means to enforce the right to equal protection.

Neither do the Plaintiffs have a property interest that is protected by federal constitutional law. "The procedural component of the Due Process Clause does not protect everything that might be described as a 'benefit.'" *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005). Instead, "'[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire' and 'more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'" *Id.* (quoting *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)). These entitlements are "not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Roth*, 408 U.S. at 577. For example, in *Town of Castle Rock*, the Supreme Court looked at Colorado state law to determine whether the plaintiff had a property or liberty interest in governmental aid. *Town of Castle Rock*, 545 U.S. at 756–57. The Court found that the plaintiff did not: "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Id.*

The Alabama Supreme Court already determined that there is no independent source of law entitling the Plaintiffs to have their petition for de-annexation heard. *See Courtyard Manor Homeowner's Ass'n*, 2019 WL 5288011, at *3. The Auburn City Council maintains its discretion to determine when or whether to hold a formal vote on de-annexation petitions. Without a source of law or otherwise entitling the Plaintiffs to have their petition heard, the Plaintiffs' due process claim fails because the Plaintiffs have not alleged a constitutional right of which they were deprived.

Accordingly, the Plaintiffs have not alleged sufficient facts to show that they were treated differently for unconstitutional reasons, or that they were deprived of a constitutionally-protected interest. The Plaintiffs' petition followed the process established by the City in 2010: the petition was submitted first to the Planning Director, then to the City Manager, and finally to the City Council members for consideration. The Plaintiffs' petition thus did receive sufficient consideration from and process by the City.

Moreover, the common-law separation of powers doctrine weighs on the issues at hand. *See Owen v. City of Independence*, 445 U.S. 622, 648 (1980). This doctrine does not give municipalities discretion to violate the Federal Constitution, but it does "[prevent] courts from substituting their own judgment on matters within the lawful discretion of the municipality." *Id.* at 649. This Court cannot and will not use its power to force the City Council members to exercise their discretionary powers and vote when the City used its legislative discretion in a perfectly legal way.

## VI.   CONCLUSION

The Plaintiffs do not have a right to have their petition for de-annexation publicly heard under Alabama law, and they have failed to demonstrate any abuse of discretion. The Court declines to order the City to provide the Plaintiffs with any more consideration than they already have received. Furthermore, the Plaintiffs' equal protection claims fail without allegations of a similarly situated comparator, as does the Plaintiffs' due process claim because the Plaintiffs do not have a constitutionally-protected interest at stake.

Accordingly, it is

ORDERED that the Defendant's motion to dismiss (doc. 20) is GRANTED.

A separate final judgment will be entered.

DONE this 13th day of October, 2020.

                                              /s/ Emily C. Marks  
                                  EMILY C. MARKS  
                                  CHIEF UNITED STATES DISTRICT JUDGE